IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

    Petitioner,

v.                                      Civil Action No. 1:13CV267
                                 (Criminal Action No. 1:03CR47-01)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

In December 2013, the pro se[1] petitioner, Kofie Akiem Jones, filed a motion to vacate under 28 U.S.C. § 2255 ("§ 2255"), wherein he asserts three arguments.[2] First, the petitioner claims that he received ineffective assistance of counsel from his original defense attorney. ECF No. 1 at 4-27/ECF No. 308 at 4-27.[3] Second,

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2]The petitioner was convicted by a jury trial of (1) conspiracy to rob banks and interfere with commerce by threats and violence, (2) attempted bank robbery, (3) armed bank robbery, (4) possession of a firearm in furtherance of a crime of violence, (5) interference with commerce by threats and violence, and (6) possession of a firearm in furtherance of a crime of violence. ECF No. 64 at 1/ECF No. 437 at 1.

[3]The first ECF number refers to the petitioner's civil docket in which the instant petition is pending (Civil Action No. 1:13CV267). The second ECF number refers to the criminal docket of the petitioner's original criminal action (Criminal Action No. 1:03CR47).

the petitioner believes he is entitled to relief pursuant to the holding of Alleyne v. United States, 133 S. Ct. 2151 (2013). Id. at 29. Third, the petitioner asserts that his due process rights were violated because the jury received incorrect instructions. Id. at 32. For relief, the petitioner requests that (1) his conviction and sentence be vacated and set-aside or (2) the sentence of his second § 924(c) offense be vacated. ECF No. 1 at 39/ECF No. 308 at 39. After the pro se motion was filed, attorney Jason T. Gain entered a notice of appearance as petitioner's counsel. ECF No. 51/ECF No. 414. The government filed a response in opposition to the motion to vacate under § 2255. ECF No. 5/ECF No. 312.

The action was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. United States Magistrate Judge Trumble then entered a report and recommendation. ECF No. 64/ECF No. 437. In the report and recommendation, the magistrate judge recommended that the petitioner's § 2255 motion be denied and the civil action be dismissed with prejudice because the petitioner's claims were procedurally defaulted or without merit. Id. at 1.

Counsel for petitioner filed a motion for an extension of time to file objections to the magistrate judge's report and

recommendation. ECF No. 438.[4] This Court granted the motion for an extension of time. ECF No. 65 at 1/ECF No. 439 at 1. The order directed the petitioner to file objections on or before May 21, 2018 and directed the government to file a response to the petitioner's objections on or before June 4, 2018. Id.

The petitioner filed two primary objections through counsel. ECF No. 67/ECF No. 441. The petitioner first objects to the magistrate judge's finding that his counsel was not ineffective by failing to communicate a plea deal because no plea deal was ever offered by the government. Id. at 1. The petitioner contends that "testimony elicited at the evidentiary hearing shows that counsel for the government would most certainly have extended an offer to the Petitioner — and in fact had prepared a written plea document for that purpose — but was precluded from even making an offer by the actions of Petitioner's trial counsel." Id. Petitioner cites to the similarities between the facts of the instant case and Lafler v. Cooper,[5] in which the Supreme Court ruled that the State must re-offer the plea agreement to a defendant who originally turned it down, based on what the Court deemed to be deficient advice from counsel. Id. Next, the petitioner objects to the magistrate judge's finding of procedural default as to the second

---

[4]This motion has one ECF citation because it was only docketed in the criminal action (Criminal Action No. 1:03CR47).

[5]Lafler v. Cooper, 566 U.S. 156, 163-164 (2012).

3

and third grounds. With respect to the Alleyne claim, petitioner argues that he has demonstrated "cause" or actual "prejudice" or actual innocence under Bousely[6] "because the petitioner in Alleyne was ultimately successful, the theory was not novel." Id. at 2. With respect to the jury instruction claim, the petitioner notes that his "underlying conviction suffered from a faulty jury instruction," and that "a further conviction under § 924(c) requires specificity as to whether or not the petitioner was convicted under an aiding and abetting theory or a Pinkerton[7] theory." Id.

The government failed to respond to the petitioner's objections by the ordered date. On April 1, 2019, this Court again entered an order directing the government to file a response to petitioner's objections. ECF No. 70/ECF No. 455.

The government then filed a response to petitioner's objections. ECF No. 72/ECF No. 410. In response to the petitioner's claim that his attorney offered inadequate assistance of counsel because he failed to communicate a plea offer, the government cites to the three-prong test presented in Lafler v.

---

[6]In Bousley v. United States, the Supreme Court held that in order to pursue a defaulted habeas claim, the petitioner must demonstrate "cause and actual prejudice" or that he is "actually innocent." 523 U.S. 614, 622 (1998).

[7]In Pinkerton v. United States, the Supreme Court determined that when a defendant is part of a conspiracy, any substantive crimes to further the conspiracy can be charged to all defendants. This is known as the Pinkerton Doctrine. 328 U.S. 640 (1946).

4

Cooper, where the first prong requires "a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea)." Id. at 2. The government states that petitioner's maintained innocence throughout the trial and the appeals is an indication that he would not have accepted a plea deal, had it been offered. Id. For this reason, the government maintains that petitioner's claim for ineffective assistance of counsel should be dismissed. Id.

As to petitioner's objection to the magistrate judge's finding of procedural default on petitioner's original second and third claims for relief, the government's response reiterates support for the conclusions of the magistrate judge. With respect to the Alleyne claim (petitioner's second ground for relief), the government states that the "claim was procedurally defaulted, and even if not, then factually the claim fails" because the jury found that the petitioner's second § 924(c) conviction was later in time than his first. Id. As to the petitioner's third ground for relief, regarding the jury instructions to determine whether he was convicted under an aiding and abetting theory or under a Pinkerton Doctrine liability theory, the government again asserts that the claim was procedurally defaulted because the issue was not raised in the direct appeal or intervening judgment. Id. at 3. Furthermore, the government contends that even if petitioner's claim is not procedurally defaulted, the claim is meritless because

5

the jury was permitted to convict on either prong, and the jury was not required to designate upon which one they chose to convict. Id.

The petitioner then filed a pro se "hybrid motion" seeking permission to file a sur-reply to the government's response (ECF No. 74/ECF No. 458) and then, soon after, filed a sur-reply (ECF No. 75/ECF No. 459). In this hybrid motion, the petitioner again claims that he should not receive the enhanced sentence because "when there are two § 924(c) counts in the same indictment, neither is a second or subsequent conviction, because neither has become final." Id. at 3.

For the reasons set forth below, the magistrate judge's report and recommendation is adopted and affirmed in its entirety and the petitioner's objections are overruled.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's report and recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

6

III. Discussion

A. Ineffective Assistance of Counsel

Petitioner first objects to the magistrate judge's determination that counsel was not ineffective for failing to communicate a plea offer because one was never offered. ECF No. 67 at 1/ECF No. 441 at 1. Petitioner maintains that but for the actions of his trial counsel, the government would have made a plea offer and that counsel was ineffective for interfering. Id. On de novo review, this Court agrees with the conclusion of the magistrate judge and the position of the government that petitioner's attorney did not provide constitutionally ineffective assistance of counsel for not communicating a plea deal to the petitioner, as one was never offered.

B. Claims Regarding Alleyne Holding and Jury Instruction

Petitioner's remaining objection argues that his second and third ground for relief are not procedurally defaulted. Id. at 2. This Court affirms the findings of the magistrate judge that both claims are procedurally defaulted and without merit.

In the report and recommendation, the magistrate judge determined petitioner's Alleyne claim to be procedurally defaulted because it was not raised in his direct appeal or intervening judgment. ECF No. 64 at 27/ECF No. 437 at 27. According to Bousley,[8] petitioner's claim is procedurally barred unless he

---

[8] Bousley v. United States, 523 U.S. 614, 622 (1998).

demonstrates "cause" or actual "prejudice" or actual innocence. The magistrate judge determined that petitioner "has not demonstrated 'cause,' and he fails to allege actual innocence." Id. On de novo review of the petitioner's objections and the report and recommendation, this Court finds the petitioner failed to demonstrate "cause" or allege actual innocence, and thus affirms the conclusions of the magistrate judge and overrules the petitioner's objection.

In the report and recommendation, the magistrate determined that even if the petitioner's claim were not procedurally defaulted, it is nevertheless without merit. Id. In his original claim, petitioner argues that according to Alleyne, the Court cannot impose the mandatory minimum sentence of 25 years unless a jury found that one of his two charged § 924(c) counts constituted a second convicted offense. ECF No. 1 at 29/ECF No. 308 at 29. The magistrate judge determined this was not the case, citing Almendarez-Torres,[9] which held that the Sixth Amendment does not require the government to set forth in the indictment and prove beyond a reasonable doubt the fact of prior conviction. This Court agrees with the magistrate judge's determination that the jury was not required to find that one of petitioner's charged § 924(c) counts was a second conviction and that two separate § 924(c) counts is enough to impose the heightened mandatory minimum.

---

[9]Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998).

For petitioner's third ground for relief, he takes issue with the jury instructions that permitted him to be convicted on "aiding and abetting" or Pinkerton "conspiracy." In petitioner's objections, he claims he was denied his right to a unanimous jury verdict because the jury did not determine under which one of the two theories he was convicted. ECF No. 1 at 33/ECF No. 308 at 33. On de novo review of this issue, this Court affirms the magistrate judge's determination that this claim is also procedurally defaulted and without merit. ECF No. 64 at 29/ECF No. 437 at 29. Under the requirements of Bousley, the magistrate judge found that petitioner fails to demonstrate "cause" and actual "prejudice," or actual innocence regarding the jury instruction claim. On de novo review, this Court finds that this claim is procedurally defaulted because it was not raised on direct appeal of petitioner's original or intervening judgment.

Even though the magistrate judge determined that petitioner's third claim was procedurally defaulted, the report and recommendation also analyzed the merit of the claim. The magistrate judge cited Nye & Nissen v. United States,[10] where the Supreme Court held that aiding and abetting and Pinkerton conspiracy are alternative theories by which the government may prove criminal liability. Accordingly, the magistrate judge properly determined that the jury was free to convict under either

---

[10] Nye & Nissen v. United States, 336 U.S. 613, 620 (1949).

theory. ECF No. 64 at 29/ECF No. 437 at 29. In addition the magistrate judge noted that the petitioner "must demonstrate that the erroneous instruction given resulted in his conviction, not merely that it was impossible to tell under which [theory] the jury convicted." United States v. Robinson, 627 F.3d 941 (4th Cir. 2010). This Court agrees with the finding of the magistrate judge that this claim is without merit.

C.  Petitioner's Sur-Reply

This Court notes that petitioner filed a pro se hybrid motion seeking permission to file a sur-reply to the government's response (ECF No. 74/ECF No. 458) and then filed a sur-reply (ECF No. 75/ECF No. 459). As petitioner was represented by counsel at the time the motion for leave to file a sur-reply was filed, this Court denies petitioner's motion for leave to file a sur-reply as an impermissible "hybrid motion" and declines to consider the contents of the sur-reply.

D.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

## IV. Conclusion

For the reasons stated, the magistrate judge's report and recommendation (ECF No. 64/ECF No. 437) is AFFIRMED AND ADOPTED. Accordingly, the petitioner's motion under 28 U.S.C. § 2255 (ECF No. 1/ECF No. 308) is DENIED. Further, the petitioner's objections (ECF No. 67/ECF No. 441) are OVERRULED. Petitioner's motion to amend objections (ECF No. 448)[11] and petitioner's motion to file a

---

[11]This motion has one ECF citation because it was only docketed in the criminal action (Criminal Action No. 1:03CR47).

sur-reply (ECF No. 74/ECF No. 458) are DENIED as hybrid, and the case is DISMISSED WITH PREJUDICE.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 8, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE